IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| BRANDON MATHIS, ) | |
| ) | Civil Action No.: |
| Plaintiff, ) | |
| v. ) | JURY TRIAL DEMANDED |
| ) | |
| METROPOLITAN ATLANTA RAPID ) | |
| TRANSIT AUTHORITY ) | |
| ) | |
| Defendant. ) | |
| ) | |

## COMPLAINT FOR DAMAGES

COMES NOW, BRANDON MATHIS ("Plaintiff"), by and through undersigned counsel, and files this Complaint for Damages against METROPOLITAN ATLANTA RAPID TRANSIT AUTHORITY ("Defendant") pursuant to the Family Medical Leave Act ("FMLA"), on the basis of interference and retaliation in violation of the act and shows the Court as follows:

## JURISDICTION AND VENUE

1.

Plaintiff invokes the jurisdiction of this court pursuant to 28 U.S.C. § 1331 and 42 U.S.C. § 2000e-5(f).

2.

The unlawful employment practices alleged in this Complaint were committed within this district. In accordance with 28 U.S.C. § 1391 and 42 U.S.C.§2000(e)-5(f), venue is appropriate in this Court.

## PARTIES

3.

Plaintiff is a citizen of the United States of America and is subject to the jurisdiction of this Court.

4.

Defendant is qualified and licensed to do business in Georgia and at all times material hereto has conducted business within this District. Defendant is subject to specific personal jurisdiction in this Court over the claims asserted herein.

5.

Defendant may be served with process by delivering a copy of the summons and complaint 2424 Piedmont Rd., NE | Atlanta, GA 30324

## FACTUAL ALLEGATIONS

6.

Defendant is now, and at all times relevant hereto, has been an employer subject to the FMLA.

7.

Plaintiff became employed with Defendant on or around December 10, 2019, as a Rail Line Supervisor.

8.

On or around July 21, 2021, Plaintiff was approved for full time FMLA leave through September 12, 2021, for a FMLA covered medical condition.

9.

On August 27, 2021, Plaintiff was terminated.

10.

Defendant claimed in its termination letter that he had received a medical clearance from the medical department. However, Plaintiff had not been cleared to return to work.

11.

Prior to Plaintiff's termination, he had not received any poor performance reviews or any reprimands by the Defendant.

12.

Defendant terminated Plaintiff because of his need for FMLA protected leave and/or due FMLA protected work absences.

13.

In terminating Plaintiff, Defendant interfered with Plaintiff's exercise of FMLA rights and/or retaliated against Plaintiff for his exercise of FMLA rights.

14.

Defendant terminated Plaintiff in retaliation for his exercise of rights protected by the FMLA. In so doing, Defendant violated the FMLA.

15.

Plaintiff worked more than 1250 hours during the 12-month period immediately preceding his FMLA protected absences, requested leave, and termination.

16.

Plaintiff was employed by Defendant for more than 12 months preceding his FMLA protected absences, request for leave and termination.

17.

Defendant is a private sector employer, with 50 or more employees in 20 or more workweeks in the 2019 and 2020 calendar years, within 75 miles of the location where Plaintiff worked for Defendant.

## CLAIMS FOR RELIEF
## VIOLATIONS OF THE FAMILY AND MEDICAL LEAVE ACT
## COUNTS I & II
## (FMLA INTERFERENCE AND RETALIATION)

18.

Plaintiff repeats and re-alleges the preceding paragraphs as if set forth fully herein.

19.

Defendant is and, at all times relevant, has been an 'employer' as defined by the FMLA.

20.

Plaintiff was an eligible employee under the FMLA.

21.

Plaintiff engaged in protected conduct under the Family Medical Leave Act, entitling him to all appropriate relief under the statute.

22.

Defendant interfered with Plaintiff's rights protected under the Family Medical Leave Act, 29 U.S.C. § 2601, et seq., entitling Plaintiff to all appropriate relief under the statute.

5

23.

Defendant retaliated against Plaintiff for the exercise of protected conduct under the Family Medical Leave Act, 29 U.S.C. 2601, et seq., entitling Plaintiff to all appropriate relief under the statute.

24.

Defendant terminated Plaintiff because of his need for FMLA leave and/or due FMLA protected work absences. Any reason given for Plaintiff's termination is pretext for unlawful FMLA interference and/or retaliation.

25.

Defendant terminated Plaintiff in retaliation for his exercise of rights protected by the FMLA. In so doing, Defendant violated the FMLA.

26.

As a result of his termination, Plaintiff has suffered lost wages and other damages for which he is entitled to recover. Defendant's violations of the FMLA were reckless and Plaintiff is entitled to liquidated damages.

27.

Defendant acted with malice and in reckless indifference to Plaintiff's federally protected rights. Plaintiff is therefore entitled to punitive damages.

**WHEREFORE**, Plaintiff respectfully requests that this Court:

(a)  General damages for mental and emotional suffering caused by Defendant's misconduct;

(b)  Special damages and/or liquidated damages for lost wages and benefits and prejudgment interest thereon,

(c)  Punitive damages;

(d)  Reasonable attorney's fees and expenses of litigation;

(e)  Trial by jury as to all issues;

(f)  Prejudgment interest at the rate allowed by law;

(g)  Declaratory relief to the effect that Defendant has violated Plaintiff's statutory rights;

(h)  All equitable relief available under the FMLA, including injunctive relief of reinstatement, or front pay in lieu thereof, and prohibiting Defendant from further unlawful conduct of the type described herein; and

(i)  All other relief to which he may be entitled.

Respectfully submitted this 4th day of October 2022.

                                                  s/ Jeremy Stephens
Jeremy Stephens, Esq.
GA Bar No.: 702063
MORGAN & MORGAN
191 Peachtree Street, N.E., Ste. 4200
Post Office Box 57007
Atlanta, Georgia 30343-1007
Tel: (404) 965-1682
E-mail: jstephens@forthepeople.com
Attorneys for Brandon Mathis